UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

Civil Action File Number: CIV. 17-4043

**FILED**
JUN 16 2017

CLERK

LESLIE JOHNSON,
    Plaintiff,

vs.

DENNIS DAUGAARD, Governor of the STATE OF SOUTH DAKOTA, in his private and public capacity; DENNY KAEMINGK, Secretary of Corrections, in his private and public capacity; ROBERT DOOLEY, Chief Warden, in his private and public and public capacity; NANCY CHRISTENSEN, Unit Manager, in her private and public capacity; ALE JAN DRA RAYES, Ass. Warden, in his private and public capacity; ROB CARUAHA, ADA coordinator, in his private and public capacity; MISTY JOHNSON, clinical Superviser, Mike Durfee State Prison, Medical Services, in her private and public capacity;
    Defendant's

## COMPLAINT FOR VIOLATIONS OF THE AMERICAN'S DISABILITY ACT [A.D.A.]

COMES NOW, Leslie Johnson, Pro Se, hereinafter known as the Plaintiff, moves in this Honorable Court his, Complaint for Violations of the American's Disability Act [A.D.A.], based upon the facts, issues, grounds, and reasons as follows:

### ALLEGATION OF JURISDICTION:

Plaintiff, is a Citizen of the United States of America, who resides within the STATE OF SOUTH DAKOTA, under the authority of the United States of America. All the Defendant's are citizens of the STATE OF SOUTH DAKOTA, who are either the STATE OF SOUTH DAKOTA, or an agent thereof. The Defendant's have their primary place of business in the City of Pierre, County of Hughes. The matter in contraversy exceeds exclusive of interest and costs, the sum specified by Title 28 USC § 1332. Furthermore this Courts jurisdiction if found in the existence of a Federal Question(s). The Action arises under the violation(s) of the American's Disability Act, hereinafter known as [A.D.A.], pursuant to: Sec. 203 of the Act, and Title 42 USC § 12133, as hereinafter more fully appears. Furthermore this Courts jusriddction is obtained pursuant to: Title 28 USC § 1331.

### STATEMENT OF THE FACTS:

1. Plaintiff is an inmate at the Mike Durfee State Prison, and

(1)

has been for sometime now. Since his arrival at Mike Durfee State Prison he has been subjected to retaliation, harassment, threats, and coercion, by Staff and other inmates. The Defendant's went as far as moving Plaintiff, to the Barracks, in an attempt to silence him. This violation is supported by, S.D. Supreme Court Case No. 27044, Appellees Brief, April 2, 2014. In a Sworn Affidavit, by Ass. Warden Susan B. Jacobs, on pg. 37 it reads, "Johnson's long term assigment as to MDSP and to a Dorm Room suitable to his Medical needs". This includes A/C.

2. Plaintiff has several medical conditions that restrict his mobility. He is confined to wheel-chair. This Complaint will reveal to this Court specifics pertaining to the medical conditions. Furthermore, this Complaint will highlight to retaliation, threats and harrassment the his is being subjected to.

3. Plaintiff has been restricted from various functions, and areas of the Prison, due to his inability to access these functions and areas with his wheelchair. Furthermore Staff has encouraged other inmates to relaliate against the Plaintiff for exercising his rights under the ADA. The violations will be spelled out in a specific manner within this Complaint.

4. The Defendant's claim that it has just been revealed to them, that they must comply with Federal Law, since a recent Lawsuit in this Court [Murphy vs. KAEMINGK et al.]. This Case was decided in favor of the Plaintiff. It set the stage for a complete compliance with the ADA by the Defendant's. Plaintiff furthermore declares the Defendant's should have known the Law in respect to the ADA requirements. The final rules revised the regulations of the D.O.J. (Department) that implemented Title II of the ADA to non-discrimination on the basis of disability in State and local government services. The Dept. issued its final rule in order to adopt enforceable accessibility standards under the ADA that are consistent with the minimum guidelines and requirements issued by the Architectural and Transportation Barriers Compliance Board (Access Board), and to update or amend certain provisions of Title II regulations so that they comport with the Department's Legal and practical experience in enforcing the ADA since [1991]. Concurrently with the publication of the final rules amending the ADA Title II regulation, which covers non-discrimination of the basis of disability by public accommodations and commercial facilities.

(2)

Effective date March 15, 2011. The Fact being, if the Defendant's were not willing to comply with the ADA since 2011, they should have not taken all the Federal Money that they took. It is this Courts responsibility to the Federal Government to Order the STATE OF SOUTH DAKOTA, to repay any and all Federal Money they have received since 3/15/2011. since it has been obtained under fraudulant applications, as they are asked if they are in compliance with Federal Law prior to taking Federal Money.

## VIOLATION'S OF THE AMERICAN'S DISABILITY ACT [ADA]; AND DAMAGE(S) FOR SAID VIOLAITON'S

1. Plaintiff has been discriminated against by the Defendant's when he attends religious activities by making him sit in the rain, snow or sub-zero conditions, until all other inmates are counted into the activity. Plaintiff, filed and Informal Resolution Request [hereinafter known as IRR], with no relief, therefore he filed the Administrative Remdey Request, that was rejected. See: Exhibit A. A couple of years later the same type issue has been ongoing. When the Defendant's refuse to follow the orders set by D.W. Stanwick. Therefore Plaintiff went as far as requesting assistance from the Sec. of Corrections, with no relief. See: Exhibit B. Therefore Plaintiff, claim this type of discrimination cause injury and pain and suffering that was undue. There actions violate the A.D.A. Title II § 35.130 General Prohibitions. Therefore the Plaintiff, claims the cost of this action by the Defendant's is five Million dollars, as it also violated Plaintiff's right to practice his religion freely. See: U.S. Constitution's Amendment I. $5,000,000.00 Claim.

2. Plaintiff has been subjected to retaliation by the Defendant's for filing A.D.A. Complaints. Plaintiff's claim that the retaliations one example of this retaliation is the Defendant's ordered the removal of protruding items from the Handicap bathroom, only three of the twenty three objects were removed, they were the shelved used to put your clothes during your shower, Coat hooks for the same, and two circulation fans. This is important as Plaintiff has breathing issues, that require the humidity to be taken out of the air, to enable him to breath. Plaintiff, file the IRR and Ad. Remedy with no relief. See: Exhibit C. Therefore Plaintiff claims this type of retaliation is causing serious medical issues for him, that are life threatening. There actions violate the A.D.A. Title II § 35.134, retaliation and coercion. Therefore the Plaintiff claims the cost of this violation by the Defendant's is one Million Dollars. $1,000,000.00.

3. Plaintiff, claims the Defendant's violated the A.D.A. when they attempted to alleviate the overcrowding of the Handicap bathroom. Yet the attempted act does not comply with the A.D.A. See: Exhibit D. Furthermore, Unit Staff, went as far as claiming that Plaintiff was not handicap enough to use the regular Handicap toilet, sink, mirror and anything else in the regular handicap bathroom. She claims he is only entitled to use the Handicap shower. This is another act of retaliation and coercion by the Defendant's for Plaintiff's attempts to bring the Defendant's in compliance with the A.D.A. There actions violated the A.D.A. Title II § 35.134 violation of retaliation and coercion. See: Exhibit E. Therefore their actions caused Plaintiff, undue harm and injuries, that is not good for a person with the medical conditions, he has. See: Exhibit F. Therefore Plaintiff claims these type of actions by the Defendant's cost them one Million dollars $1,000,000.00.

4. Plaintiff, is furthermore being denied reasonable access to religious activities, when the Defendant's refuse to provide access to and upstairs service, because of faulty chair lifts. This is not an isolated incident, it more like a regular occurance. Plaintiff, filed a IRR and Ad. Remedy with no avail. See: Exhibit G. Then to cover up their mistake, they claimed again that Plaintiff, has no medical reason for no stairs. See: Exhibit G again. Furthermore Plaintiff has been subjected to obstruction of sidewalks, during the construction that was being done by the Defendant's. The A.D.A. require that an alternative route be provided during construction projects. The obstructions restricted Plaintiff from attending Religious activities. See: Exhibit H. These violations are addressed in CFR 28 Part 36, section 36.310 subpart D, New Construction and alterative access. Therefore Plaintiff claims these acts by the Defendant's along with the violation of Plaintiff's right to practice his religion free was violated, the cost to the Defendant's are another five Million dollars. See: U.S. Const. Amendment I. $5,000,000.00

5. Plaintiff, claims the urinal in the General Population bathroom is not in compliance with the A.D.A., and the bathroom was just remodeled. Plaintiff, filed a IRR and the Ad. Remedy with no avail. the urinal is not in compliance with A.D.A. Standards for Accessible Design §§ 213.3.3, 605, 605.4, and 605.2(a). Therefore it is because of the Defendant's actions or refusal to bring the urinal into said compliance, the Defendant's cause undue harm and injury to the

Plaintiff, in the sum of one Million dollars $1,000,000.00 See: Exhibit I.

6. Plaintiff claims that the Defendant's cause undue stress and harm on him by placing a rubber mat in front of the Ice/Hot water machine. The Defendant's claim the mat is in compliance with the A.D.A. which is incorrect. To remedy the matter the Defendant's could apply a tape type anti-slipper application to avoid the slippery spots, and still allow easy access to the machine by the Plaintiff. See. Exhibit J. Plaintiff filed a IRR and Ad. Remedy with no avail. Therefore it because of the Defendant's actions or refusal to remedy the issue, they are causing undue hardship and injury on the Plaintiff. This action by the Defendant's cause the injury to cost them one Million dollars. $1,000,000.00. This action also violated Sec. 303 of the 2010 Standards for accessibility.

7. Plaintiff claim he recently discovered that the so called exhaust fan in the Handicap bathroom is a fake. It exhausts no where, except between the two walls. It does nothing to eliminate the excessive humitidy in the bathroom/shower. This is another issue that concerns the Plaintiff, as his medical conditions clearly show that type of environment, is harmful to his health. Therefore it is for the unwillingness of the Defendant's to remedy this matter, as requested in the IRR and Ad. Remedy, that subject the Plaintiff to undue harm, hardship and injury. This action/inaction by the Defendant's cause the injury to cost them one Million dollars. See: Exhibit K. $1,000,000.00 claim. Furthermore Plaintiff claims the Defendant's have no intentions of coming into compliance with the A.D.A. See: Exhibit L. Therefore Plaintiff, claims injury and harm in the amount of one Million dollars against the Defendant's for their refusal to at the least make an attempt to bring this facility into compliance with the A.D.A. $1,000,000.00 claim. The above stated action is in violation of the A.D.A. Title 28 CFR Title II, part 35, § 35.107. Designation of Responsible Employee and adoption of Grievance Procedures (a) & (b), as they refuse to adopt a grievance policy that is in compliance with the A.D.A. See: Exhibit M. Notice the Ad. Remedy stated in accordance with DOC Policy not the A.D.A. Furthermore, it is due to Plaintiff's advance C.O.P.D. that he has a hard time breathing in a humid environment, and therefore he asked the Defendant's to remedy the humidity in the handicap bathroom. They refuse to do so. Therefore Plaintiff, is being subjected to undue harmful medical conditions that could have life threatening effects.

(5)

See: Exhibit F, (his medical reports). It is further supported by his IRR and Ad, Remedy, that yielded no avail. See: Exhibit N. It is due to the actions by the Defendant's that is causing life threatening conditions for the Plaintiff, yet they refuse to address the issue. Therefore the harm and injury to the Plaintiff, is causing a liablity/cost to the Defendant's in the amount of one Million dollars. $1,000,000.00

8. Plaintiff, has suffered direct attacks (verbal) by one of the Defendant's. This was undue and inappropriate. On 2/23/2017, U.M. Christensen asked my to go to the front desk, which I did, only to be met on the way by the so-called A.D.A. coordinator who started to verbally assaulted me. See: Exhibit O. The action violated Executive Order 12866, and the threat of retaliation and coercion violated the A.D.A. title 28 CFR § 35.134. Therefore Plaintiff, should not be subjected to this type of action and the Defendant's did nothing to eliminate the problem(s). as they still exist to this day with the A.D.A Coordinator, ROB CARUAHA, Defendant. Therefore, all the Defendant's are allowing these types of acts, by various parties within the list of Defendant's. Therefore the injury, harm that is being caused unto the Plaintiff by their actions. These injuries cause a liablity unto the Defendant's in the amount of one Million dollars. $1,000,000.00.

9. Plaintiff claims that Defendant's refuse to maintain and provide an "accessible route". This started when the remodeling of the General Population bathroom began. The Defendant's allowed the placement of two 55 gal trash cans and a shower chair to be placed in a hallway that is only about 60 inches wide. This obstructed the route. Plaintiff, filed a IRR and Ad. Remedy with no avail to eliminate the problem, instead the Defendant's ignored the matter with off the wall answers. See: Exhibit P. It is for the actions by the Defendant's that Plaintiff suffered injury and harm and therefore the Defendant's are liable for damages in the amount of one Million dollars. $1,000,000.00 claim. Furthermore Plaintiff, filed an IRR and Ad. Remedy for an issue with the length of the Phone cords, The phone were just replaced recently, by a company called GTL. See: Exhibit Q. The Defendant's refuse to require the phone cords be a length that is specified within the A.D.A. This being the cords on phones are to be at a minimum of 29 inches, the cords on the phone here at the Prison measure considerably less then the required 29 inches. Therefore the Defendant's are violating CFR title 28 part 36 § 4.31.8. Therefore

The Defendant's are now subject to a liablity in the amount of one
Million dollars. $1,000,000.00 claim. See: Exhibit Q. Furthermore
the issue contain above dealing with the trash cans and shower chair,
violated 2010 A.D.A. Standards for accessible design § 35.151 (c)(6)
(4)(ii) pathway of travel. Furthermore these acts by the Defendant's
while doing the alteration/remodeling on the general population
bathroom violated A.D.A. title II technical assistance manual § II
3.10000 Illustrations.

10. Plaintiff claim the Defendant's refuse to provide to him
a desk and/or writing table that meets the requirement as stated in
the A.D.A. regulations. § 504. It states the desk size provided must
have a writing surface no higher than 34 inches to provide adequate
knee and leg clearance, with a desired height of 30 inches of knee
width and 29 inches of knee height and 19 inches of leg depth. My
desk if $27\frac{1}{2}$ inches high, 24 inches wide and leg depth is not near
to the required 19 inches. These acts by the Defendant's cause them to
be in violation of A.D.A. as stated above. Therefore they are now subject
to a liablity in favor of the Plaintiff, in the amount of one Million
dollars. $1,000,000.00 claim. See: Exhibit R.

11. Plaintiff would like the Court to be aware that the Defendant's
are making the appearance of an attempt to remedy matter raised by him
pertaining to the A.D.A. issues. About a year ago Plaintiff filed
IRR, that address violations in the day hall area, and the U.M.
asked Plaintiff to hold off on them as the issue was being addressed.
The Defendant's did install permanent fixtures in the day hall, not
to bring the facilty into compliance with the A.D.A., but to try and
eliminate gambling and other homo-sexual activies. Furthermore
Plaintiff is subject to harassement by other inmates and staff because
he is pursueing the issue of bring the Defendant's into complaince
with the A.D.A. But instead the Defendant's are making him out to be
the criminal, when in fact he is the victim of an agency who want to
avoid being in compliance with Federal Law. In fact the other day
Plaintiff, was informed that one inmate made the comment to the U.M.
that you should hand-cuff Johnson to the new handicap area provided
at one of the picknick tables. The U.M should have put a stop to that
kind of talk by an Inmate but instead she laughed about it with him.
See: Exhibit S, causing damages/injury of $1,000,000,00. dollars

DAMAGE/INJURIES SUMMARY

1. Item # 1 addresses Plaintiff's right to practice his religion
as he so desires, along with the discrimination that the Defendant's

are inflicting upon him. These acts resulted in damages/injuries in the amount of five million dollars ($5,000,000.00). Furthermore the Defendant's violated A.D.A. Title II § 35.130.

2. Item # 2 addresses Plaintiff being subjected to retaliation for bringing forth A.D.A. claim, such as a violation of Title II § 35.134. For these acts the Defendant's caused damages/injuries in the amount of one million dollars, ($1,000,000.00).

3. Item # 3 addresses Plaintiff's concerns over violations of A.D.A. issues, such as violations of title II §35.134, which is causing undue harm and injuries to the Plaintiff. Therefore these acts resulted in damages/injuries in the amount of one million dollars ($1,000,000.00).

4. Item # 4 addresses Plaintiff being denied "reasonable access" to religious activities. This again is a Constitutional issues, along with a violation of CFR 28 Part 36, § 36.310. Therefore these acts by the Defendant's caused damages/injuries in the amount of five million dollars ($5,000,000.00)

5. Item # 5 addresses Plaintiff's claims against violations of other A.D.A. codes, such as [Standards for Accessible Design] §§ 213.3.3, 605, 605.4, and 605.2(a). Therefore these acts by the Defendant's caused damages/injuries in the amount of one million dollars ($1,000,000.00).

6. Item # 6 addresses Plaintiff's issues with undue stress and harm placed upon him for the Defendant's violations of the A.D.A., such as § 303 of the 2010 Standards for accessibility. Therefore these acts by the Defendant's caused damages/injuries in the amount of one million dollars ($1,000,000.00).

7. Item # 7 addresses Plaintiff's medical issues that are the result of retaliation by the Defendant's upon him for raising A.D.A. violations. The primary violation for this Item is title 28 CFR, II, part 35, § 35.107. The total damages/injuries for these violations are three million dollars ($3,000,000.00)

8. Item # 8 addresses Plaintiff, being verbally assulted by the A.D.A coordinator, with threats of retaliation and coercion. Their actions violated the A.D.A. title 2 CFR § 35.134. Therefore the Defendant's are now liable for damages/injuries in the amount of one million dollars ($1,000,000.00).

9. Item # 9 addresses Plaintiff's issues of the Defendant's again providing "reasonable access" to areas that are to be kept clear for travel. along with the issue of refusing to provide

(8)

adequate Phone equipment. these violations found in title 28 CFR part 36 § 4.31.8, and § II of the Technical Assistance Manuel § 3.10000 Illustrations. Therefore the damages/injuries total the sum of one million dollars ($1,000,000.00).

10. Item # 10 addresses Plaintiff's issues pertaining to the fixtures in his room. Therefore the acts by the Defendant's caused damges/injuries to the Plaintiff, in the amount of one million dollars ($1,000,000.00).

11. Item # 11 addresses Plaintiff's issue of the use of inmates by the Defendant's to cause further retaliation against him for his addressing A.D.A. violations. Therefore the damages/injuries to the Plaintiff, by the Defendant's is in the amount of one million dollars ($1,000,000.00). Total Damages/Injuries of [$21,000,000.00]

OTHER RELIEF FROM THE COURT;

Plaintiff prays this Honorable Court will grant unto him further relief as follows:

1. Order the Defendant's to provide reasonable access to the areas of the Prison that are currently in violation of the A.D.A., such as religious actities, and other areas as stated herein this complaint.

2. Grant Plaintiff's request for a T.R.O., and Preliminary Injuction.

3. Order the Defendant's to comply with all 2010 A.D.A. Standards and to cease and desist all the retaliation, coercion, harassment, and threats against the Plaintiff. This would include the acts being allowed against the Plaintiff, by other inmates. Furthermore the Defendant's shall provide a plan to correct all the above and any other violations that are brought to their attention. This Court needs to keep in mind that it is the Defendant's who are violating the Law, NOT the Plaintiff.

CLOSING:

Therefore Plaintiff prays that this Honorable Court, after careful consideration of the facts as containted herein will enter an Order awarding Plaintiff, damages/injuries in the amount of twenty one million dollars [$21,000,000.00] against the Defendant's. With half of the liablity to be accessed against the Defendant's in their "private capacity" and the other half accessed against the Defendant's in their "public capacity" aka their employer [STATE OF SOUTH DAKOTA[. Furthermore Plaintiff requests this Court to review its own Order in Murphy vs. DENNY KAEMINGK et al. and hold

(9)

the Defendant's to the agreement they made therein. Furthermore Plainitiff requests judgment in favor of the Plaintiff for the amount of $21,000,000.00 dollars and further granting the other relief as requested herein, and any other equitable relief this Court deems appropriate at this time. This will include the relief as so requested in the prior filed TRO/Preliminary Injunction.

Repsectfully Submitted this 14 day of June, 2017.

By: /s/ Leslie Johnson
Leslie Johnson #8310
% Mike Durfee State Prison
1412 Wood Street
Springfield, South Dakota
57062

ACKNOWLEDGEMENT

SUBSCRIBED AND SWORN, to before me now this 14th day of June, 2017.

/s/ Notary
Notary Public-SOUTH DAKOTA

My Commission Expires: My Commission Expires Nov. 19, 2019

SEAL:

DEBRA M. EILERS
NOTARY PUBLIC
SOUTH DAKOTA

(10)