UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| LESLIE JOHNSON, <br><br> Plaintiff, <br><br> vs. <br><br> DENNIS DAUGAARD, Governor of South Dakota, in his private and public capacity; DENNY KAEMINGK, Secretary of Corrections, in his private and public capacity; ROBERT DOOLEY, Chief Warden, in his private and public capacity; NANCY CHRISTENSEN, Unit Manager, in her private and public capacity; ALEJANDRO REYES, Associate Warden, in his private and public capacity; ROB CARUAHA, ADA Coordinator, in his private and public capacity; and MISTY JOHNSON, Clinical Supervisor, Mike Durfee State Prison Medical Services, in her private and public capacity; <br><br> Defendants. | 4:17-CV-04043-LLP <br><br><br> ORDER |

## INTRODUCTION

Plaintiff, Leslie Johnson, is an inmate at the Mike Durfee State Prison (MDSP) in Springfield, South Dakota. On March 30, 2017, Johnson filed a pro se motion for temporary restraining order and motion for preliminary injunction. Docket 1. On June 16, 2017, Johnson filed a complaint alleging several violations of the Americans with Disabilities Act (ADA). Docket 9. Johnson also moves for a court order to copy and preserve video footage. Docket 13.

## FACTUAL BACKGROUND

Johnson's complaint generally concerns his disabilities and the defendants' alleged failure to accommodate those disabilities. Docket 9. He alleges that he is confined to a wheelchair due

to several medical conditions restricting his mobility and that he has COPD that prevents him from being around humidity. *Id.* at 2.

Johnson alleges that defendants fail to provide him access to religious services. When Johnson tries to attend religious services, he must sit in the rain, snow, or sub-zero conditions while other inmates are counted. *Id.* at 2. If the service is held upstairs, he is unable to attend because the chair lift routinely fail because it is faulty. *Id.* at 4. Johnson alleges that the sidewalks are regularly obstructed due to construction projects and defendants fail to provide alternative routes. *Id.*

There are several aspects of the MDSP that Johnson alleges are not ADA compliant. Johnson alleges that the urinal in the general population bathroom is not ADA complaint despite a recent remodel. *Id.* at 4. During this remodel, Johnson alleges that defendants refused to provide an accessible route through a hallway. *Id.* at 6. Johnson alleges that two fifty-five gallon trash cans and a shower chair obstructed the sixty-inch-wide hallway. *Id.* Johnson alleges that defendants cause him further "undue stress and harm . . . by placing a rubber mat in front of the ICE/Hot water machine." *Id.* at 5. Smith alleges that defendants could "apply a tape type anti-slipper application to avoid the slippery spots, and still allow easy access to the machine by [Johnson]." Instead, defendants allegedly placed a rubber mat to comply with the ADA. *Id.* Finally, Johnson alleges that defendants refuse to provide ADA compliant phone cords or to provide him an ADA compliant desk or writing table. *Id.* at 7.

Johnson alleges that defendants retaliated against Johnson when he filed ADA complaints. *Id.* at 3. In one instance of retaliation, defendants ordered the removal of protruding items in the handicap bathroom. But Johnson alleges that only three of the twenty-three objects were removed and those items included the shelves used to place clothing on during a shower, coat hooks, and

2

two circulation fans. *Id.* The fans were replaced with "a fake" exhaust fan. *Id.* at 5. According to Johnson, "It (fan) exhausts no where, except between the two walls. It does nothing to eliminate the excessive humidity in the bathroom/shower." *Id.* In a second instance of retaliation, Johnson alleges that unit staff claimed Johnson "was not handicap enough to use the regular Handicap toilet, sink, mirror and anything else in the regular handicap bathroom. She claims he is only entitled to use the Handicap shower." In a third instance, Johnson alleges that he suffered a verbal attack from defendant Rob Caruaha on February 23, 2017. *Id.* at 6. Johnson alleges that Caruaha, after he finished yelling, said "stop filing grievances." Docket 9-15 at 2. Finally, Johnson alleges that staff has encouraged other inmates to retaliate against him. *Id.* at 2.

## LEGAL STANDARD

The court must accept the well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "If a plaintiff cannot make the requisite showing, dismissal is appropriate." *Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008);

*Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they are "(1) frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

## DISCUSSION

### I. Screening Pursuant to § 1915A

#### A. Unmentioned Defendants

Johnson named Dennis Daugaard and Misty Johnson as defendants. He does not, however, plead any facts showing that these defendants had any involvement in the alleged ADA violations. Additionally, these defendants' names do not appear in any of the numerous exhibits filed by Johnson. Thus, Johnson fails to state a claim upon which relief may be granted as to these defendants, and they are dismissed as defendants under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

#### B. Title II of the ADA

In his complaint, Johnson claimed that defendants violated Title II of the Americans with Disabilities Act (ADA). Docket 9. To remedy these alleged ADA violations, Johnson requests relief in the form of money damages in the amount of $21,000,000.00, a court order requiring defendants "to provide reasonable access to the areas of the Prison that are currently in violation of the A.D.A., such areas as religious activities, and other areas as stated herein this complaint," the earlier requested TRO and preliminary injunction, and an order for defendants to "cease and desist all of the retaliation, coercion, harassment, and threats against" Smith. *Id.* at 9.

Title II of the ADA states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services,

4

programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132; *Mason v. Corr. Med. Servs., Inc.*, 559 F.3d 880, 886 (8th Cir. 2009). A "public entity" is defined in part as "any State or local government" and "any department, agency, special purpose district, or other instrumentality of a State or States or local government." *See* 42 U.S.C. § 12131(1)(A) and (B). Although a state and any department of a state are "public entities" under Title II of the ADA (*see Klingler v. Director, Dept. of Revenue*, 433 F.3d 1078, 1080 (8th Cir. 2006)), defendants in their individual capacity do not constitute "public entities" subject to suit under Title II of the ADA.

The Eighth Circuit held in an en banc decision that Congress' designation of liability for "public entities" under Title II of the ADA necessarily implied that there was no liability for individuals under that statute. *See Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n.8 (8th Cir. 1999) (citing *Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 19 (1979)). That decision has been followed by subsequent Eighth Circuit panels. *See Dinkins v. Correctional Medical Servs.*, 743 F.3d 633, 634 (8th Cir. 2014) (per curiam) (citing *Garcia v. S.U.N.Y. Health Sciences. Ctr. Of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001)) (interpreting the Rehabilitation Act); *Baribeau v. City of Minneapolis*, 596 F.3d 465, 484 (8th Cir. 2010).

Other courts have come to the same conclusion as the Eighth Circuit. *See e.g. Vinson v. Thomas*, 288 F.3d 1145, 1155–56 (9th Cir. 2002) (plaintiff cannot sue defendant in his individual capacity under 42 U.S.C. § 1983 for a Title II ADA violation); *Lollar v. Baker*, 196 F.3d 603, 610 (5th Cir. 1999) (same); *Holbrook v. City of Alpharetta*, 112 F.3d 1522, 1531 (11th Cir. 1997) (same); *Wiesman v. Hill*, 629 F. Supp. 2d 106, 111–12 (D. Mass. 2009) (holding that there is no liability for "persons" individually under Title II of the ADA, thus dismissing plaintiff's claim against employee of public housing authority); *Damron v. North Dakota Com'r of Corrections,*

299 F. Supp. 2d 970, 976 (D.N.D. 2004) (holding that prison officials could not be sued in their individual capacity under Title II of the ADA).

A plaintiff may assert a Title II claim for injunctive relief against a state employee in his or her official capacity. The Eleventh Amendment does not bar the granting of injunctive relief. *Bradley v. Arkansas Dept. of Educ.*, 189 F.3d 745 (8th Cir. 1999), *rev'd in part, Jim C. v. Arkansas Dept. of Educ.*, 235 F.3d 1079 (8th Cir. 2000); *Missouri Child Care Assn. v. Cross*, 294 F.3d 1034 (8th Cir. 2002). Claims based on denial of adequate housing by reason of a plaintiff's disability can form the basis for viable ADA claim for which injunctive relief may be a proper remedy. *Dinkins*, 743 F.3d at 634–35 (*citing Pa. Dept. of Corr. V. Yeskey*, 524 U.S. 206, 210 (1998); *Jaros v. Ill. Dept. of Corr.*, 684 F.3d 667, 672 (7th Cir. 2012)).

Johnson sues the remaining defendants in their private and public capacity, which this court infers to be the same as individual and official capacity. The above law makes clear that Johnson cannot receive money damages on his ADA claims nor can he sue any defendant in his or her individual capacity. Therefore, Johnson's Title II claims against defendants in their individual capacity are dismissed.

In order to state a claim under Title II of the ADA against defendants in their official capacity, Johnson must allege:

> (1) that he is a qualified individual with a disability; (2) that he was excluded from participation in or denied the benefits of the [prison's] services, programs, or activities, or was otherwise subjected to discrimination by the [prison]; and (3) that such exclusion, denial of benefits, or other discrimination was by reason of his disability.

*Baribeau*, 596 F.3d at 484.

Johnson alleges he has disabilities within the meaning of the Americans with Disabilities Act in that he requires the use of a wheelchair and suffers from COPD. These conditions affect

Johnson's ability to move about the prison, participate in services, and safely shower. Furthermore, Johnson alleges that he is frequently excluded from participating in religious services and from using several prison amenities. Johnson alleges this exclusion is due to his disability. Thus, Johnson's Title II claims against Kaemingk, Dooley, Christensen, Reyes, and Caruaha, in their official capacity, survive screening.

### C. Title V of the ADA

Title 42 U.S.C. § 12203 provides that an individual cannot be discriminated against because of claims or involvement with claims involving the ADA. To succeed on a claim of retaliation under the ADA Title V, a plaintiff must establish that (1) he engaged in statutorily protected activity; (2) adverse action was taken against him; and (3) a causal connection exists between the adverse action and protected activity. *Stewart v. Independent Sch. Dist. No. 196*, 481 F.3d 1034, 1043 (8th Cir. 2007).

Similar to Johnson's Title II claim, Johnson's Title V claim implicates Eleventh Amendment immunity. Neither the Supreme Court nor the Eighth Circuit has decided whether Title V abrogates a state's Eleventh Amendment Immunity. *Lors v. Dean*, 746 F.3d 857, 862-63 (8th Cir. 2014). However, numerous courts have interpreted the Supreme Court's holding in *Bd. Of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 360 (2001), as necessarily applying to retaliation claims arising out of Title I claims. Additionally, numerous courts have upheld Eleventh Amendment immunity in Title V claims. *See Demshki v. Monteith*, 255 F.3d 986, 988–89 (9th Cir. 2001)) ("There is nothing in the ADA's legislative findings demonstrating a pattern of discrimination by states against employees who oppose unlawful discrimination against the disabled," and "absent a history of such evil by the states, Congress may not abrogate the states' Eleventh Amendment immunity from Title V claims."); *see also, Reed v. College of the Ouachitas*,

7

No. 6:11–CV–6020, 2012 WL 1409772, *5 (W.D. Ark. April 23, 2012) (noting that Supreme Court precedent supports a conclusion that Congress may not abrogate the states' Eleventh Amendment immunity from claims brought pursuant to Title V of the ADA); *Morr v. Missouri Dep't of Mental Health*, 2009 WL 1140108 at *4 (finding Title V claim for damages barred by the Eleventh Amendment).

Other courts have held Title V does not provide for individual liability. *See Spiegel v. Schulmann*, 604 F.3d 72, 79–80 (2nd Cir. 2010); *see also Baird v. Rose*, 192 F.3d 462, 472 (4th Cir. 1999) ("[T]he ADA does not permit an action against individual defendants for retaliation for conduct protected by the ADA."). Although the Eighth Circuit has not itself ruled on this issue, other courts in this circuit have come to the same conclusion. *See Stebbins v Hannah*, 2015 WL 5996295, at *3 (E.D. Ark. Sept. 1, 2015) (concluding that Title V of the ADA does not provide for individual liability); *see also Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n.8 (8th Cir. 1999) (concluding that Title II of the ADA does not provide for individual liability); *see also Ebersole v. Novo Nordisk, Inc.*, 2011 U.S. Dist. LEXIS 141031, 2011 WL 6115655, at *1–2 (E.D.Mo. Dec. 8, 2011) (declining to find individual liability under Title I of the ADA and reasoning that such a conclusion is consistent with the Eighth Circuit's Title VII holdings). Therefore, Johnson's Title V claims against defendants in their individual capacity are dismissed.

Johnson demonstrates through his many exhibits that he engaged in statutorily protected activity. Johnson's allegations detail several adverse actions were taken against him by defendants. Johnson alleges a causal connection between his actions of filing grievances and adverse action taken by defendants following his grievance. Thus, Johnson's Title V claims against Kaemingk, Dooley, Christensen, Reyes, and Caruaha in their official capacity survive screening.

## II. Motion for Temporary Restraining Order and Preliminary Injunction

Johnson makes three requests in his motion for a temporary restraining order and preliminary injunction. First, Johnson seeks the replacement of two fans and the return of coat hooks and shelves in the handicap shower/toilet room on the first floor of Harmon Hall at MDSP. Docket 1 at 6. Second, Johnson seeks an order directing defendants to "cease and desist with all current, ongoing, and/or future retaliation harassment and coercion which they are inflicting upon the Plaintiff. Furthermore the Defendant's must allow him to proceed with his legal action against them pertaining to all their ADA violations, that he is being subjected to, without being threatened, coerced, intimidated, and retaliated against him by them. This would include, but [is] not limited to, using the help of other inmates in preparing his legal action against them." *Id.* Third, Johnson seeks a court order designating an unbiased ADA coordinator, stopping the rejection of grievances without investigating or attempting to find an equitable resolution, and setting up a self-evaluation process. *Id.*

"A preliminary injunction is an extraordinary remedy." *Roudachevski v. All-American Care Centers, Inc.*, 648 F.3d 701, 705 (8th Cir. 2011) (citation omitted); *see also Hughbanks v. Dooley*, 788 F. Supp. 2d 988, 992 (D.S.D. 2011) ("[I]n the prison setting, a request for a preliminary injunction 'must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration' ") (quoting *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)). "The burden of proving that a preliminary injunction should be issued rests entirely with the movant." *Goff*, 60 F.3d at 520.

"Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury

granting the injunction will inflict on other parties litigation; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Systems, Inc. v. CL Systems, Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (en banc). The Eighth Circuit held that " 'the failure to show irreparable harm is, by itself, a sufficient ground upon which to deny a preliminary injunction.' "*Adam-Mellang v. Apartment Search, Inc.*, 96 F.3d 297, 299 (8th Cir. 1996) (quoting *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 418 (8th Cir. 1987)). Moreover, "in the prison context, a request for injunctive relief must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.' " *Goff*, 60 F.3d at 520 (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)). And, for an injunction to issue "a right must be violated" and that "the court must determine" whether "a cognizable danger of future violation exists and that danger must be more than a mere possibility." *Goff*, 60 F.3d at 521 (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)).

Johnson argues that he faces a threat of irreparable harm to his health. Docket 1 at 3. First, because Johnson's COPD prevents him from being in humid areas, Johnson contends that the inadequately ventilated bathroom creates a risk of Johnson developing pneumonia. Docket 1 at 3. Second, Johnson argues that the bathroom lacks shelves and hooks and forces Johnson to retrieve items from the floor. *Id.* Johnson's heart condition prevents him from being in "any situation that forces labor[ed] breathing or causes coughing." *Id.* Johnson, however, does not allege that he has experienced any problems from the humidity or shortness of breath from the lack of amenities. Furthermore, a review of the medical records attached to Johnson's complaint show no medical orders requiring a particular type of bathroom fan or amenities. Thus, Johnson fails to show that this danger is "more than a mere possibility."

Johnson argues that he faces a threat of irreparable harm through continuing deprivation of constitutional rights. Johnson alleges that defendants are deliberately indifferent to his serious medical needs through their interference with his prescribed treatments. Johnson claims to have two physicians' instructions but fails to prove the contents of those instructions. Furthermore, Johnson fails to allege that the named defendants knew of the instructions and then disregarded the risk to Johnson's health.

Johnson also alleges that defendants are retaliating against him "when he insisted they come into compliance with the ADA." Docket 1 at 2. In alleged retaliation, defendants removed the aforementioned shelves, fans, and hooks. *Id.* Again, to succeed on a claim of retaliation under the ADA, a plaintiff must establish that (1) he engaged in statutorily protected activity; (2) adverse action was taken against him; and (3) a causal connection exists between the adverse action and protected activity. *Stewart v. Independent Sch. Dist. No. 196*, 481 F.3d 1034, 1043 (8th Cir. 2007). Johnson has yet to demonstrate his likelihood of proving his alleged connection between his grievances and the removal of the shelves, fans, and hooks. In fact, Johnson's attachments demonstrate that defendants informed Johnson that the fans are operational and "protruding items were removed per the United States Department of Justice." *See* Dockets 9-14 at 4, 9-3 at 3.

Johnson also cannot show that he is likely to succeed on the merits. Most of the claims in his complaint fail to make specific allegations against defendants. Although the claims survived screening so that Johnson may discover the responsible party through discovery, Johnson falls short of demonstrating to the court that he is likely to succeed on the merits.

### III. Motion for a Court Order to Copy and Preserve Video Footage

Johnson also moves for a court order to copy and preserve video footage. Docket 13. The requested video footage from defendants would be more appropriately address to defendants or

their counsel during discovery. Because defendants have not yet been served it is unlikely that any such request was ever made. Therefore, Johnson's motion (Docket 13) is denied.

Accordingly, it is ORDERED

1. Johnson's motion for a temporary restraining order and a preliminary injunction (Docket 1) is denied.

2. Johnson's motion for a court order to copy and preserve video footage (Docket 13) is denied.

3. Johnson fails to state a claim against Dennis Daugaard and Misty Johnson. They are dismissed as defendants under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

4. Johnson fails to state a claim against Denny Kaemingk, Robert Dooley, Nancy Christensen, Alejandro Reyes, and Rob Caruaha in their individual capacity. They are dismissed in their individual capacity as defendants under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

5. Johnson's Title II and Title V claims against Denny Kaemingk, Robert Dooley, Nancy Christensen, Alejandro Reyes, and Rob Caruaha in their official capacity survive screening.

6. The Clerk shall send blank summons forms to Johnson so he may cause the summons and complaint to be served upon the defendant.

7. The United States Marshal shall serve a copy of the complaint (Docket 9), Summons, and this Order upon defendant as directed by Johnson. All costs of service shall be advanced by the United States.

8. Defendants will serve and file an answer or responsive pleading to the remaining claim in the complaint on or before 21 days following the date of service.

9. Johnson will serve upon defendants, or, if appearance has been entered by counsel, upon their counsel, a copy of every further pleading or other document submitted for consideration by the Court. He will include with the original paper to be filed with the clerk of court a certificate stating the date and that a true and correct copy of any document was mailed to defendants or their counsel.

10. Johnson will keep the court informed of his current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by the court's Local Rules while this case is pending.

Dated this 22nd day of March, 2018.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK
BY: _____
DEPUTY