| | |
|---|---|
| LESLIE JOHNSON,<br><br>Plaintiff,<br><br>vs.<br><br>DENNY KAEMINGK, SECRETARY OF CORRECTIONS, IN HIS PUBLIC CAPACITY; ROBERT DOOLEY, CHIEF WARDEN, IN HIS PUBLIC CAPACITY; NANCY CHRISTENSEN, UNIT MANAGER, IN HER PUBLIC CAPACITY; ALEJANDRO REYES, ASSOCIATE WARDEN, IN HIS PUBLIC CAPACITY; AND ROB CARUAHA, ADA COORDINATOR, IN HIS PUBLIC CAPACITY;<br><br>Defendants. | 4:17-CV-04043-LLP<br><br><br>MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS, MOTION TO APPOINT COUNSEL, MOTION FOR RECONSIDERATION, MOTION FOR DISCOVERY, MOTION TO ADD CLAIMS AND CORRECT PLEADING, MOTION TO QUASH, AND GRANTING LEAVE TO AMEND |

Pending before the Court is plaintiff, Leslie Johnson's ("Johnson"), Motion to Appoint Counsel, Docs. 24 & 41; Motion to Correct Title and Pleading, Doc. 24; Motion for Reconsideration, Doc. 24; Motion for Sharing Discovery Documents, Doc. 30; Motion to Add Additional Claims for Injury and Adjust Damages, Doc. 32; Motion to Quash Defendant's Response in Opposition to Plaintiff's Motion to Add Additional Claims for Injury, Doc. 36; and a Motion to Dismiss, Doc. 28, that was filed by defendants Denny Kaemingk, Secretary of Corrections, in his official capacity; Robert Dooley, Chief Warden, in his official capacity; Nancy Christensen, Unit Manager, in her official capacity; Alejandro Reyes, Associate Warden, in his official capacity; Rob Carauha, in his official capacity ("Defendants").

## BACKGROUND

### I.    Facts and Procedural Background in Federal Court

Johnson is an inmate at Mike Durfee States Prison ("MDSP") in Springfield, South Dakota. On March 30, 2017, Johnson filed a pro se motion for temporary restraining order and motion for

preliminary injunction and motion for court to order preservation of camera footage. Docs. 1 & 13.

On June 16, 2017, Johnson filed a complaint alleging several violations of the Americans with Disabilities Act ("ADA"), Doc. 9, and subsequently moved the Court for Leave to Proceed in forma pauperis, Doc. 16. Johnson's complaint generally concerns the prison's alleged failure to accommodate his disabilities, the prison's alleged non-compliance with the ADA Standards of Accessible Design ("ADA Accessibility Standards"), and the alleged retaliation that Johnson suffered as a result of filing ADA complaints. Johnson alleges he "has several medical conditions that restrict his mobility" and that "[h]e is confined to a wheel-chair." Doc. 9 at 2, ¶ 2. Johnson also alleges that he suffers from COPD and as a result, he has a difficult time breathing in a humid environment. Doc. 9 at 3, ¶ 2; 5, ¶ 7.

The Court issued an order granting Johnson's motion for leave to proceed in forma pauperis, Doc. 16. On March 22, 2018, the Court issued an ordering denying Johnson's motion for temporary restraining order, preliminary injunction, and motion to order preservation of camera footage. Doc. 20. In its March 22nd order, the Court held that Johnson's Title II and Title V claims for injunctive relief under the ADA against Denny Kaemingk, Robert Dooley, Nancy Christensen, Alejandro Reyes, and Rob Caruaha in their official capacities ("Defendants") survived the pre-service screening that the Court is obligated to undertake under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A and the Court directed service of the summons and complaint and a copy of the Court's order upon Defendants. Doc. 20. Each of the Defendants have been served as directed in accordance with the Court's order. Docs. 23 & 27.

With regard to Johnson's surviving claims, Johnson alleges in his complaint that on several occasions he was forced to wait outside on the stairlift to access church services, at times during inclement weather, while non-handicapped inmates were counted before an officer assisted him with the stairlift.[1] Doc. 9 at 3, ¶ 1; 4, ¶ 4, Exs. A, G. In his claim for relief, Johnson requests damages of $5,000,000.00 and that he be provided "reasonable access" to religious services. Doc. 9 at 3, ¶ 1; 9, ¶ 1.

Johnson alleges that in retaliation for filing ADA complaints, he his prohibited from using the "handicapped-only" bathroom and may only use the handicap shower and the handicap toilet

---

[1] The exhibits attached to the complaint show that Johnson complained of having experienced this treatment on at least three separate occasions--June 7, 2014; June 21, 2014; and October 14, 2016. Doc. 9, Ex. B.

in the general population restroom. Doc. 9 at 4, ¶ 3, Ex. E. It appears from the exhibits attached to the complaint, that the handicapped stall in the general population bathroom is not designated as "handicapped-only" and that the general population may use the handicapped stall in the general population bathroom when no other stalls are available. Doc. 9 at 4, ¶ 3, Ex. E. Johnson also alleges that these actions violate Title II of the ADA. Doc. 9 at 4, ¶ 3. Johnson claims that the urinal in the general population bathroom is not in compliance with the ADA Accessibility Standards. Doc. 9 at 4, ¶ 5, Ex. I. In his request for relief, Johnson requests $2,000,000.00 in damages for these claims, that Defendants cease all retaliation against him, and that the urinal comply with the ADA Accessibility Standards. Doc. 9 at 4, ¶¶3, 5; 9, ¶ 3.

Johnson alleges that the placement of a rubber mat in front of the ice/hot water machine violates Section 303 of the ADA Accessibility Standards and that Defendants should instead apply "a tape type anti-slipper application to avoid the slippery spots, and still allow easy access to the machine." Doc. 9 at 5, ¶ 6, Ex. J. In his claim for relief, Johnson requests damages of $1,000,000.00 and requests that Defendants provide him reasonable access to the ice/hot water machine. Doc. 9 at 5, ¶ 6, Ex. J; 9, ¶ 1.

Johnson alleges that the exhaust fan in the handicap bathroom vents between two walls and does nothing to eliminate the excessive humidity in the shower and that he has a difficult time breathing in the humid environment with his COPD. Doc. 9 at 5, ¶ 7, Ex. K. Johnson alleges that in the handicap shower, two circulation fans were removed, along with shelves and coat hooks in retaliation for Johnson filing ADA complaints. Doc. 9 at 3, ¶ 2, Ex. C; at 5, ¶ 7. In his claim for relief, Johnson seeks damages of $2,000,000.00 and requests that Defendants remedy the humidity in the handicap bathroom. Doc. 9 at 3, ¶ 2; at 5, ¶ 7.

Johnson alleges that in retaliation for filing ADA complaints, the ADA Coordinator said "very loudly and authoritatively, what's your problem" and told Johnson to stop filing grievances. Doc. 9 at 6, ¶ 8, Ex. O. Johnson also alleges that he is subject to harassment by staff and that the staff is encouraging other inmates to retaliate against him for exercising his rights under the ADA. Doc. 9 at 2, ¶ 3; 7, ¶ 11. Johnson alleges that one inmate told a Unit Manager that he should handcuff Johnson to the new handicap area provided at one of the picnic tables. Doc. 9 at 7, ¶ 11. Johnson alleges that instead of discouraging such comments, the Unit Manager laughed. Doc. 9 at 7, ¶ 11. In his claim for relief, Johnson claims damages of $2,000,000.00 for these violations and requests that the alleged retaliatory conduct cease. Doc. 9 at 6, ¶ 8; 7, ¶ 11.

Johnson alleges that he was moved to the "Barracks, in an attempt to silence him." Doc. 9 at 2, ¶ 1.

Johnson alleges that during the remodeling of the general population bathroom, Defendants placed two 55-gallon trash cans and a shower chair in a hallway in front of the message board and that this violated the ADA Accessibility Standards which Johnson alleges requires a hallway width of 60 inches and also violated the "A.D.A. title II technical assistance manual § II 3.10000 Illustrations" Doc. 9 at 6, ¶ 9, Ex. P. Johnson further alleges that the phone cords are less than the length required by the ADA. Doc. 9 at 6, ¶ 9. In his claim for relief, Johnson seeks $2,000,000.00 in damages and requests that Defendants comply with the ADA. Doc. 9 at 6, ¶ 9; at 9, ¶ 3.

Finally, Johnson alleges that Defendants refuse to provide him a desk or writing table that meets the requirements of the ADA and in his claim for relief, seeks $1,000,000.00 and requests that Defendants comply with the ADA. Doc. 9 at 7, ¶10; at 9, ¶ 3.

On April 11, 2018, Johnson filed a motion to appoint counsel and to correct title and pleading and a motion to reconsider the Court's ordering denying Johnson's motion for temporary restraining order and preliminary injunction. Doc. 24.

On June 6, 2018, Defendants filed a motion to dismiss Johnson's surviving claims for failure to state a claim upon which relief may be granted. Doc. 28.

On June 7, 2018, Johnson filed a motion for sharing discovery documents. Doc. 30.

On November 29, 2018, Johnson filed a motion to add additional claims for injury and adjust damages accordingly. Doc. 32. In his motion, Johnsons alleges that when he was discharged from a three-day stay at the hospital for pneumonia, he was not provided a wheelchair and was "forced to sit on a bench seat with NO Coat." Johnson alleges that he was wrapped in blankets and provided only a lap seatbelt. Johnson alleges claims of negligence and deliberate indifference against Defendants and makes an additional claim for $8,000,000.00 in damages. Defendants have filed their opposition to Johnson's motion. Doc. 34.

On March 13, 2019, Johnson filed a motion to appoint counsel. Doc. 41.

Currently pending before the Court are Johnson's Motion to Appoint Counsel, Docs. 24 & 41; Motion to Correct Title and Pleading, Doc. 24; Motion for Reconsideration, Doc. 24; Motion for Sharing Discovery Documents, Doc. 30; Motion to Add Additional Claims for Injury and Adjust Damages, Doc. 32; Motion to Quash Defendant's Response in Opposition to Plaintiff's

Motion to Add Additional Claims for Injury, Doc. 36; and Defendants' Motion to Dismiss, Doc. 28.

## II.    Facts and Procedural Background in State Court

On September 5, 2012, Johnson filed a pro se complaint in the Circuit Court of South Dakota, Second Judicial District, against sixteen defendants alleging various claims including that he was discriminated against on the basis of his disabilities. *Leslie Johnson v. Douglas Weber, Warden et. al.*, Civ. No. 12-3232 (Feb. 25, 2014). On December 9, 2013, the circuit court held a hearing on defendants' motion for judgment on the pleadings, or in the alternative, summary judgment. The court held that defendants were entitled to summary judgment on Johnson's ADA claim because Johnson had not shown that he was disabled for purposes of the ADA. The court stated that while Johnson had indicated that he was elderly and must make use of a wheelchair, he had not shown that he was entirely confined to a wheelchair since the record indicated that a wheelchair was assigned to him if he had to walk any distance. The court also found that Johnson had not set forth any facts showing that he had been denied meaning access to the benefits of services, programs, and activities offered at the penitentiary.

## LEGAL STANDARD

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (internal quotations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (internal citations omitted). The complaint must allege facts, which, when taken as true, raise more than a speculative right to relief. *Id.; Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not 'show[n]'—'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing Fed. R. Civ. P. 8(a)(2)). "Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id. (citation omitted).*

5

A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, at 520-521 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A reviewing court has the duty to examine a pro se complaint "to determine if the allegations provide for relief on any possible theory." *Williams v. Willits*, 853 F.2d 586, 588 (8th Cir. 1988); see also *Human v. Rowley*, 205 F.3d 1346, 1999 WL 1204488, at *2 (8th Cir. 1999) (per curiam). However, a court is not required to supply additional facts for a pro se plaintiff, nor construct a legal theory that assumes facts which have not been pleaded. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

"When considering . . . a motion to dismiss under Fed. R. Civ. P 12(b)(6)[], the court generally must ignore material outside the pleadings, but it may consider "some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings[2]." *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999); *see also* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil 2d § 1357* (2018) (court may consider "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint").

## ANALYSIS

### I.    Motion to Dismiss
### A.  Res Judicata – Title II Claims

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.'" 42 U.S.C. § 12132. In order to state a claim under Title II of the ADA, a plaintiff must allege:

(1) that he is a qualified individual with a disability; (2) that he was excluded from participation in or denied the benefits of the [prison's] services, programs, or activities,

---

[2] "[D]ocuments necessarily embraced by the pleadings include 'documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading.'" *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012) (quoting *Kushner v. Beverly Enters., Inc.*, 317 F.3d 820, 831 (8th Cir. 2003)).

or was otherwise subjected to discrimination by the [prison]; and (3) that such exclusion, denial of benefits, or other discrimination was by reason of his disability.

*Baribou v. City of Minneapolis*, 596 F.3d 465, 484 (8th Cir. 2010).

In their motion to dismiss, Defendants argue that dismissal of the complaint is required on issue preclusion grounds. Specifically, Defendants contend that Johnson is precluded from bringing a claim alleging that he is a qualified individual with a disability because a circuit court had already determined that Johnson was not a qualified individual with a disability under the ADA and dismissed his ADA claims brought in the circuit court with prejudice.

By enacting the Full Faith and Credit Statute, 28 U.S.C. § 1738, "Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so." *Laase v. Cty. of Isanti*, 638 F.3d 853, 856 (8th Cir. 2011) (quoting *Allen v. McCurry*, 449 U.S. 90, 96 (1980)). "The law of the forum that rendered the first judgment controls the res judicata analysis." *Id.* (quoting *St. Paul Fire & Marine Ins. Co. v. Compaq Comput. Corp.*, 539 F.3d 809, 821 (8th Cir. 2008)).

As stated above, Defendants contend that Johnson is precluded by the prior circuit court judgment from relitigating the issue of whether he is disabled under the ADA. Under South Dakota law[3], issue preclusion will apply only if:

> (1) The issue decided in the prior adjudication was identical with the one presented in the action in question; (2) There was a final judgment on the merits; (3) The party against whom the plea is asserted was a party or in privity with a party to the prior adjudication; and (4) The party against whom the plea is asserted had a full and fair opportunity to litigate the issue in the prior adjudication.

*Grand State Property, Inc. v. Woods, Fuller, Schultz & Smith, P.C.*, 556 N.W.2d 84, 87 (S.D. 1996) (citing *Black Hills Novelty Co. v. S.D. Commission on Gaming*, 520 N.W.2d 70, 73 (S.D. 1994) (citations omitted)).

Many courts, including the Eighth Circuit Court of Appeals, have concluded, albeit in different contexts, that res judicata does not prevent a plaintiff from relitigating the issue of his disability relating to a different time period than was adjudicated in the former action. *See, e.g., Earley v. Commissioner of Social Security*, 893 F.3d 929, 933 (6th Cir. 2018) ("Any earlier proceeding that found or rejected the onset of a disability could rarely, if ever, have 'actually

---

[3] The Court applies South Dakota law to the issue whether the doctrine of res judicata is applicable to this case based on decisions rendered in the Circuit Court of South Dakota, Second Judicial District.

litigated and resolved' whether a person was disabled at some later date."); *Kortz v. Guardian Life Ins. Co. of Am.*, 144 F.2d 676, 678 (10th Cir. 1944) (concluding that the judgment in the former action did not constitute either res judicata or estoppel because the question of disability during the time period of the present action had not been litigated and determined in the former action); *N.Y. Life Ins. Co. v. Stoner*, 92 F.2d 845, 848 (8th Cir. 1937) (quoting *U.S. Fidelity & Guar. Co. v. McCarthy*, 33 F.2d 7, 13 (8th Cir. 1929) ("A person may be disabled to-day, and in a year from now, without any change in physical condition, not be disabled. A one-handed man may not be able to perform surgery to-day, and in a year from to-day may have overcome to some extent his disability and be able to perform some part of the substantial duties of a surgeon."); *cf. Bullyan v. Heckler*, 787 F.2d 417, 420 (8th Cir. 1986) (concluding that plaintiff's claim for social security benefits was barred by res judicata because it "involve[d] the same injuries, the same issues, and the same time period" as his earlier claim).

The Court agrees that "human health is rarely static" and that just because a plaintiff is found by a court to be disabled within the meaning of the ADA at one point in time does not necessarily mean that the plaintiff is disabled within the meaning of the ADA at a later point in time. *See Earley*, 893 F.3d at 933. That being said, the Court foresees cases where a prior judgment on the issue of a plaintiff's disability constitutes res judicata on that issue given the particular facts and circumstances of the plaintiff's alleged disability.

However, under the facts of this case, the Court concludes that Johnson is not barred by the prior circuit court judgment from relitigating the issue of whether he is disabled within the meaning of the ADA. The summary judgment hearing on Johnson's ADA claims in circuit court was held on December 9, 2013, and the court's decision was issued on February 25, 2014. The court concluded that Johnson had not shown that he was disabled for purposes of the ADA because while Johnson had indicated that he was elderly and must make use of a wheelchair, the court found that the record demonstrated that was not entirely confined to a wheelchair. More than five years has passed since the circuit court addressed whether Johnson was "disabled" under the ADA and Johnson now alleges that he is confined to a wheelchair. Given these facts, the Court finds that Johnson is not precluded by the circuit court judgment from relitigating whether he is disabled within the meaning of the ADA.

On a final note, the Court finds that although Johnson is not precluded from relitigating the issue of whether he is disabled under the ADA, Johnson may be precluded under the doctrine of

res judicata from relitigating any issues "which could have been properly raised and determined in [the] prior action." *Black Hills Jewelry Mfg. Co., v. Felco Jewel Indus., Inc.*, 336 N.W.2d 153, 157 (S.D. 1983). The Court is unable to determine at this stage if any of Johnson's claims could have been raised in the circuit court action.

## B. Title V Claims

Title V of the ADA prohibits discrimination against "any individual because such individual has opposed any act or practice made unlawful by [the ADA]." 42 U.S.C. § 12203(a). To succeed on a Title V claim, a plaintiff must establish that (1) he or she engaged in statutorily protected activity; (2) adverse action was taken against him or her; and (3) a causal connection exists between the adverse action and protected activity. *Steward v. Indep. Sch. Dist. No. 196*, 481 F.3d 1034, 1043 (8th Cir. 2007).

Johnson alleges that he was retaliated against by prison officials for "filing A.D.A. Complaints" and that prison officials encouraged and permitted inmates to retaliate against him "for exercising his rights under the ADA." Doc. 9 at 2, ¶ 2; 3, ¶ 2. Attached as exhibits to Johnson's complaint are numerous "Kites" and "Informal Resolution Requests" that Johnson has filed with MDSP either seeking an accommodation for his alleged disability, requesting that the prison bring certain aspects of their facility into ADA compliance, or requesting that staff refrain from retaliating against him for filing ADA grievances.

"Filing such [] grievance[s] is a protected activity under the ADA as long as [Johnson] had a reasonable good faith belief in the allegations contained in the grievance." *Amir v. St. Louis University*, 184 F.3d 1017, 1035 (8th Cir. 1999). In their brief in support of their motion to dismiss, Defendants argue that Johnson did not possess "any 'good faith belief' that the accommodations he requested were appropriate" because he persisted in filing "ADA Complaints" even after the circuit court legally determined that he was not "disabled" for purposes of the ADA. Defs. Br. at 9.

Consideration of facts and circumstances regarding whether Johnson possessed a reasonable good faith belief in the allegations contained in his grievance will require the Court to look beyond the pleadings which the Court may not do in considering whether he has stated a claim for relief. However, the Court does find that the filing by Johnson of ADA grievances in close proximity in time to the circuit court's decision is pertinent to the question of whether Johnson possessed a reasonable good faith belief in the allegations contained in his grievances.

## II.    Motion to Appoint Counsel

Johnson moves the court to appoint him counsel. Docs. 24 & 41. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). In determining whether to appoint counsel to a pro se litigant's civil case, the district court considers the complexity of the case, the ability of the indigent litigant to investigate the facts, the existence of conflicting testimony, and the indigent's ability to present his claim. *Id.* At this early stage of litigation, Johnson appears able to adequately present his claims. Thus, his motions to appoint counsel, Docs. 24 & 41, are denied.

The Court is aware that this situation may change as litigation progresses. As the Eighth Circuit Court of Appeals instructs, the Court will "continue to be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree." *Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993).

## III.   Motion for Discovery

The Court stayed discovery pending the determination of Defendants' motion to dismiss. Doc. 40. If Johnson would like to conduct discovery now that the determination of the motion to dismiss has been made, he should direct his requests to Defendants' attorney. Johnson's motion for sharing discovery documents, Doc. 30, is denied.

## IV.    Motion to Add Claims & Motion to Correct Pleadings

Johnson has made several motions to add or modify his complaint. First, Johnson moves the Court to allow him to correct his pleadings. Doc. 24. Second, Johnson moves to add a claim to his complaint. Doc. 32. Under the local rules:

> [A]ny party moving to amend a pleading will attach a copy of the proposed amended pleading to its motion to amend with the proposed changes highlighted or underlined so that they may be easily identified. If the court grants the motion, the moving party will file a clean original of the amended pleading with the clerk of court within 7 days.

D.S.D. Civ. LR 15.1. Johnson failed to comply with LR 15.1 in attempting to amend his pleadings. While pro se pleadings are liberally construed, pro se plaintiffs must still follow the court's local rules. *See Bennett v. Dr. Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002) (stating that pro se status does not entitle litigants to disregard Federal Rules of Civil Procedure or local rules).

If Johnson wishes to amend his original complaint, he must include with his motion to amend a proposed complaint that includes each and every claim he wishes to bring against every defendant in this action and he must comply with local rule 15.1. Johnson is cautioned that the filing of an amended complaint replaces the original complaint and claims that are not realleged are deemed abandoned. *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005). The court will provide Johnson 45 days from the date of this order to file a motion to amend and his proposed complaint. If Johnson does not file a motion to amend and proposed complaint, the case will proceed forward with his complaint at Docket 9 as screened by this Court's March 22, 2018, order.

### V.     Motion for Reconsideration

Johnson asks the Court to reconsider its March 22, 2018, order, Doc. 20, denying Johnson's motion for temporary restraining order and preliminary injunction. Doc. 24.     In his motion for reconsideration, Johnson alleges, as he did in his motions for temporary restraining order and preliminary injunction that his he has difficulty breathing in a humid environment due to his COPD and that he faces a threat of irreparable harm to his health as a result of the poor air circulation in the prison's handicap bathroom. Johnson alleges that "he has to use his Nitroglycerin during showers, and between 2 to 4 puffs on his Rescue inhaler (Ventolins)." Doc. 24. Johnson also alleges that his physician has diagnosed him with further medical conditions and that his physician has prescribed him certain treatments for his medical conditions. Doc. 24.

The Court concludes, as it did in its March 22, 2018, order that Johnson not shown that he is likely to succeed on the merits of his claims. Johnson has not demonstrated that his physicians have instructed him to stay out of humid environments or that Defendants knew of any such instruction and were deliberately indifferent to Johnson's alleged medical needs. Johnson's motion for reconsideration, Doc. 24, is thereby denied.


Accordingly, it is ORDERED:

(1) Johnson's Motion to Appoint Counsel, Docs. 24 & 41, is DENIED;

(2) Johnson's Motion for Reconsideration, Doc. 24 is DENIED;

(3) Johnson's Motion for Sharing Discovery Documents, Doc. 30, is DENIED;

(4) Johnson's Motion to Correct Title and Pleadings, Doc. 24, and Johnson's Motion to Add Additional Claims for Injury and Adjust Damages, Doc. 32, is DENIED. If Johnson wishes to amend his original complaint, he must include with his motion to amend a proposed complaint that includes each and every claim he wishes to bring against every defendant in this action and he must comply with local rule 15.1. The court will provide Johnson 45 days from the date of this order to file a motion to amend and his proposed complaint. If Johnson does not file a motion to amend and proposed complaint, the case will proceed forward with his complaint at Docket 9 as screened by this Court's March 22, 2018, order;

(5) Johnson's Motion to Quash Defendant's Response in Opposition to Plaintiff's Motion to Add Additional Claims for Injury, Doc. 36, is DENIED;

(6) Defendants' Motion to Dismiss, Doc. 28, is DENIED;

(7) Defendants shall have an additional fourteen (14) days to file their answer if Johnson does not move to amend his complaint before the 45-day deadline. If Johnson moves to amend his complaint before the 45-day deadline, Defendants shall file their answer within twenty-one (21) days of the date of the Court's order granting Johnson's motion to amend, or within fourteen (14) days of the date of the Court's order denying Johnson's motion to amend, whichever applies;

(8) The Clerk of Court shall provide a copy of this Memorandum Opinion and Order to Johnson.

Dated this 29th day of March, 2019.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THIELEN, CLERK

BY: _____
(SEAL) DEPUTY