UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| LESLIE JOHNSON,<br><br>Plaintiff,<br><br>vs.<br><br>DENNY KAEMINGK, SECRETARY OF CORRECTIONS, IN HIS PRIVATE AND PUBLIC CAPACITY; ROBERT DOOLEY, CHIEF WARDEN, IN HIS PRIVATE AND PUBLIC CAPACITY; NANCY CHRISTENSEN, UNIT MANAGER, IN HER PRIVATE AND PUBLIC CAPACITY; ALEJANDRO REYES, ASSOCIATE WARDEN, IN HIS PRIVATE AND PUBLIC CAPACITY; AND ROB CARUAHA, ADA COORDINATOR, IN HIS PRIVATE AND PUBLIC CAPACITY;<br><br>Defendants. | 4:17-CV-04043-LLP<br><br>ORDER ON MISCELLANEOUS MOTIONS |

Plaintiff, Leslie Johnson, filed a pro se lawsuit alleging violations of the Americans with Disabilities Act (ADA). Doc. 9. This Court granted Johnson leave to proceed in forma pauperis and directed service. Docs. 18 and 20. On May 7, 2019, the defendants filed an answer. Doc. 46. This Court denied Johnson's motion for additional time to respond to the defendants' answer because Rule 12 of the Federal Rules of Civil Procedure states that a response to an answer is not required. Doc. 48. Johnson still filed a response to the defendants' answer. Doc. 50. Now, pending before this Court are Johnson's motion for independent licensed architect, Doc. 49, motion for clarification of facts, Doc. 53, and the defendants' motion to strike Johnson's response, Doc. 51.

## I. Motion for Independent Licensed Architect

Johnson asks this Court to appoint an independent licensed architect to investigate the multiple areas that he believes to be non-compliant with the ADA. *See* Doc. 49 at 1. He asks that the architect be ordered to submit a written report to this Court. *Id.* Defendants oppose this motion. Doc. 52. Johnson clarifies that the wants to appoint the same architect that has been hired by the South Dakota Department of Corrections. Doc. 53 at 4.

Although this Court granted Johnson leave to proceed in forma pauperis under 28 U.S.C. § 1915, this " 'does not provide for the appointment of expert witnesses to aid an indigent litigant.' " *Dale v. Dooley*, 2015 WL 224969, at *4 (D.S.D. Jan. 15, 2015) (quoting *Hannah v. United States*, 523 F.3d 597, 601 (5th Cir. 2008). A court may appoint an expert for indigent prisoners under the Federal Rules of Evidence Rule 706(a), but this purpose is to " 'assist the trier of fact from a position of neutrality not to serve as an advocate.' " *Id.*; (quoting *Orr v. Valdez*, 2011 WL 5239223, at *2 (D. Idaho Nov. 1, 2011).

At this time, the defendants' motion for summary judgment has not been ruled on. Doc. 56. There is no need for an expert to assist a trier of fact and it appears that Johnson's motion is aimed to aid his argument, thus, Johnson's motion for independent licensed architect, Doc. 49, is denied.

## II. Motion for Clarification of Facts

After the defendants opposed Johnson's motion to appoint an architect, Doc. 52, Johnson filed a motion for clarification of facts. Doc. 53. Johnson's motion does not state any legal authority to support his "motion for clarification of facts[.]" *See* Doc. 53. His motion asserts that the defendants are not compliant with the ADA and includes 74 pages of

2

attachments. *Id.* This Court does not have the authority to clarify facts that are in dispute, thus, Johnson's motion for clarification of facts, Doc. 53, is denied.

### III.    Motion to Strike

Johnson filed a motion for additional time to respond to the defendants' answer and this Court denied the motion because a response to an answer was not required. Doc. 48. Johnson still filed a response to the defendants' answer. Doc. 50. Now, defendants' move for Johnson's response to their answer to be stricken under Federal Rule of Civil Procedure "12(f)(2)[.]" Doc. 51. "A reply to an answer ordinarily is unnecessary and improper in federal practice." Wright & Miller, 5 Fed. Prac. & Proc. Civ. § 1185 (3d ed.); *see also Stephens v. Alliant Techsystems Corp.*, 714 Fed. Appx. 841 (10th Cir. 2017) (holding that the district court did not abuse its discretion by refusing to allow the plaintiff to file a reply to the answer because the answer did not assert counterclaims.). This Court has reviewed defendants' answer and it reveals no designated counterclaims. *See* Doc. 46. Defendants' answer consists of a paragraph-by-paragraph discussion either admitting or denying the allegations set forth in Johnson's complaint, and a list of affirmative defenses. *Id.* Defendants' motion to strike Johnson's reply to their answer, Doc. 51, is granted. Accordingly,

IT IS ORDERED:

1. Johnson's motion for independent licensed architect, Doc. 49, is denied.

2. Johnson's motion for clarification of the facts, Doc. 53, is denied.

3. Defendants' motion to strike, Doc. 51, is granted.

Dated this 23rd day of January, 2020.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK
_____