UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| LESLIE JOHNSON,<br><br>    Plaintiff,<br><br>vs.<br><br>DENNY KAEMINGK, Secretary of Corrections, in his public capacity; ROBERT DOOLEY, Chief Warden, in his public capacity; NANCY CHRISTENSEN, Unit Manager, in her public capacity; ALEJANDRO REYES, Associate Warden, in his public capacity; and ROB CARUAHA, ADA Coordinator, in his public capacity,<br><br>    Defendants. | 4:17-CV-04043-LLP<br><br><br>ORDER GRANTING DEFENDANTS'<br>MOTION FOR SUMMARY JUDGMENT |

Plaintiff, Leslie Johnson, filed a pro se civil rights lawsuit alleging multiple violations of the Americans with Disabilities Act (ADA). Doc. 9. At the time Johnson filed this action he was an inmate at the Mike Durfee State Prison (MDSP) in Springfield, South Dakota. Johnson has since been released. This Court screened Johnson's original complaint under 28 U.S.C. § 1915A and his ADA Title II and Title V claims against defendants in their official capacities survived screening. Doc. 20.

Now, defendants move for summary judgment and submitted a statement of undisputed material facts, affidavits, and a brief to support their position. Docs. 56-64. Johnson opposes the motion for summary judgment. Doc. 67. His opposition focuses on refuting statements made in the individual affidavits that support defendants, he did not "respond to each numbered paragraph

in the moving party's statement of material facts with a separately numbered response and appropriate citations to the record" as required by Local Rule 56.1(B).

## FACTUAL BACKGROUND

Viewing the evidence in the light most favorable to Johnson as the nonmoving party, including the defendants' statement of undisputed material facts, which Johnson did not object to, the facts are:[1]

The South Dakota Department of Corrections (DOC) entered into a settlement agreement with the United States Department of Justice (DOJ) on October 23, 2018, to resolve issues of MDSP containing "architectural and programmatic barriers to access for persons with disabilities[.]" Doc. 64 ¶ 8-9. Johnson is " 'only somewhat reduced to the use of a wheelchair.' " *Id.* ¶ 15. He is not entirely confined to a wheelchair. *Id.* Johnson had previously brought an ADA claim in state court and the South Dakota Supreme Court affirmed the Circuit Court's finding that Johnson did not show that he was " 'disabled for purposes of the ADA.' " *Id.* ¶ 16-17; *Johnson v. Weber*, et al., 861 N.W.2d 784 (S.D. 2015).[2]

Currently, Johnson's conditions are not much different than where he was at a few years ago. Doc. 64 ¶ 20. Johnson has been diagnosed with "COPD [chronic obstructive pulmonary disease,] chronic leg weakness and impaired balance which led Health Services at the MDSP to recommend the use of a wheelchair 'for distances traveled.' " *Id.* ¶ 21. Johnson can still walk short distances and uses the wheelchair for " 'any distances traveled.'"

*Id.* ¶ 22.

---

[1] Under Local Rule 56.1.D, "[a]ll material facts set forth in the movant's statement of material facts will be deemed to be admitted unless controverted by the opposing party's response to the moving party's statement of material facts."
[2] This Court found that res judicata did not prevent Johnson from arguing that he has a disability because more than five years had passed since the Circuit Court's decision. Doc. 64 ¶ 18; Doc. 42.

Johnson gets short of breath occasionally, but doctors have encouraged him to increase his mobility and exercise, so he feels steadier on his feet. *Id.* ¶¶ 23-26. Johnson has seen a physical therapist to work on strength and balance. *Id.* ¶ 29. He is able to climb onto the exam table without assistance and has cramping in his right calf. *Id.* ¶¶ 30, 32. Johnson was examined on June 22, 2017, and reported to have " 'normal movement of all 4 extremities[]'" as well as " 'appropriate and symmetrical'" muscle strength. *Id.* ¶ 36. Johnson continued to use his wheelchair for distances at MDSP because of his impaired balance and leg weakness. *Id.* ¶ 37.

On July 20, 2018, Johnson was seen by Health Services and indicated his COPD seemed stable but that he had more difficulty when it is hot and humid. *Id.* ¶ 42. He experienced shortness of breath when he exerted himself and continued to use a wheelchair for distances. *Id.* On November 8, 2018, Johnson complained of shortness of breath and was later diagnosed with pneumonia. *Id.* ¶ 43-45. He stayed in the hospital and when he was discharged his breathing was normal, he was able to stand up and change his clothes without issue. *Id.* ¶¶ 47-48. On July 11, 2019, Johnson was seen by Health Service to prepare for his discharge, he was able to move all four extremities and able to sit and stand without assistance. *Id.* ¶ 50. Although Johnson appeared to be unsteady he was " 'able to walk across the exam room, turn around, and return without assistance.' " *Id.* ¶ 51. Health Services also discussed with Johnson the importance for him to exercise after his release. *Id.* ¶ 52. Health Services recommended that Johnson use a front-wheeled walker or a four-wheeled walker to help him ambulate. *Id.* ¶ 53. Johnson uses a Ventolin Inhaler when he has an increased shortness of breath (in the shower or when he is lying down). *Id.* ¶ 130.

Many accommodations have been made throughout MDSP for individuals with disabilities so they can have better access. *See id.* at 15-26. Johnson alleges multiple acts of retaliation: 1) the removal of protruding items in the handicap bathroom and the " 'fake exhaust fan[,]' " 2) Johnson

3

claims he was told that he " 'was not handicap enough to use the regular handicap toilet[,]' " and 3) Johnson feels like he was verbally attacked and has been " 'subject[ed] to harassment by other inmates.' " *Id.* at 26, 28, 30, 33-34.

In his opposition of the defendant's motion for summary judgment Johnson argues that he "has more medical conditions than a doctor or nurse employed in the medical field were willing to admit or even list" and that these conditions "more than meet the definition of disabled for the" ADA. Doc. 67 at 2.[3] Johnson believes that the ADA building requirements have not been met through the settlement between the DOC and DOJ. *Id.* at 3. Johnson claims he has received a cardiac implant in 2012. *See id.* at 7.[4] "Mr. Johnson suffers from congestive heart failure, heart failure, sever dilated cardiomyopathy (a death sentence), a cardiac implant, left bundle branch block and C.O.P.D. (also a death sentence)." *Id.* at 8. Johnson believes that the Attorney General's office and the employees of the DOC are lying about his medical conditions in order to keep the court from knowing the truth. *Id.* at 9. Johnson claims that he has heart disease, glaucoma, has lost 1/3 of his tongue due to cancer[5], has orthopedic issues, and has a history of ulcers. *Id.* at 13.[6] He also claims that he is blind in his left eye without glasses. *Id.*

## LEGAL STANDARD

Pro se filings must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). Even with this construction, "a pro se [filing] must contain specific facts

---

[3] Johnson's opposition is not a sworn affidavit. Doc. 67. His attachments include medical records, affidavits, and his kites (grievances, some of which go back as far as 2014). *See* Doc. 67-1, 67-2.
[4] Johnson filed medical reports confirming that he received a cardiac implant in 2012. Doc. 67-1 at 106- 116.
[5] In a kite, Johnson claims that his tongue "has a limited range of motion" and he eats with his fingers. *Id.* at 32.
[6] Johnson filed many documents about the possible side effects from medications he is currently taking. *Id.* at 84-95.

4

supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate where the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The court must view the facts, and inferences from those facts, in the light most favorable to the nonmoving party. *See Matsushita Elec. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655, (1962)); *Helton v. Southland Racing Corp.*, 600 F.3d 954, 957 (8th Cir. 2010) (per curiam). Summary judgment will not lie if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Allison v. Flexway Trucking, Inc.*, 28 F.3d 64, 66 (8th Cir. 1994).

The burden is placed on the moving party to establish both the absence of any genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). Once the movant has met its burden, the nonmoving party may not simply rest on the allegations in the pleadings, but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. *Anderson*, 477 U.S. at 256; FED. R. CIV. P. 56(e) (each party must properly support its own assertions of fact and properly address the opposing party's assertions of fact, as required by Rule 56(c)). The underlying substantive law identifies which facts are "material" for purposes of a motion for summary judgment. *Anderson*, 477 U.S. at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* (citing 10A CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, Fed. Practice & Procedure § 2725, at 93-95 (3d ed. 1983)). "[T]he

mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Id.* at 247-48. Essentially, the availability of summary judgment turns on whether a proper jury question is presented: "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

This Court's Local Rule 56.1.D. states, "All material facts set forth in the movant's statement of material facts will be deemed to be admitted unless controverted by the opposing party's statement of material facts." That the Court adopts the defendants' facts because Johnson did not dispute them does not necessarily allow the Court to summarily grant the defendants' motion. "Even if a motion for summary judgment on a particular claim stands unopposed, the district court must still determine that the moving party is entitled to judgment as a matter of law on that claim." *Interstate Power Co. v. Kansas City Power & Light Co.*, 992 F.2d 804, 807 (8th Cir. 1993).

## LEGAL ANALYSIS

### I. Title II of the ADA

To establish a prima facie case under Title II of the ADA, Johnson must show that "1) he is a qualified individual with a disability; 2) he was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the entity; and 3) that such exclusion, denial of benefits, or other discrimination, was by reason of his disability." *Layton v. Elder*, 143 F.3d 469, 472 (8th Cir. 1998). Defendants argue that Johnson is not a "qualified individual with a disability" under the statute, and they are

6

entitled to summary judgment as a matter of law. Doc. 57 at 7-17. Defendants have submitted medical records under seal. Docs. 57-157-15. Specifically, the defendants argue that the impairments Johnson suffers from do not "substantially limit" his walking and breathing. Doc. 57 at 7-17.

The ADA specifically defines the term "disability" in the statute. It means, "with respect to an individual — (A) a physical or mental impairment that *substantially limits* one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1) (emphasis added). A physical impairment includes "[a]ny physiological disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more body systems, such as neurological, musculoskeletal, special sense organs, respiratory (including speech organs), cardiovascular, reproductive, digestive, genitourinary, immune, circulatory, hemic, lymphatic, skin, and endocrine." 29 C.F.R. § 1630.2(h)(1). "Major life activities" include both "breathing" and "walking." 42 U.S.C. § 12102(2)(A).

When determining whether a major life activity is substantially limited it is appropriate to compare the limitation to that of the general population and compare the "condition under which the individual performs the major life activity; the manner in which the individual performs the major life activity; and/or the duration of time it takes the individual to perform the major life activity." 29 C.F.R. § 1630.2(j)(4)(i). The court can also consider the "difficulty, effort, or time required to perform a major life activity; pain experienced when performing the major life activity; the length of time a major life activity can be performed; and/or the way an impairment affects the operation of a major bodily function." *Id.* at (4)(ii).

In *Streifel v. Dakota Boys Ranch Ass'n*, the plaintiff had osteoarthritis and experienced pain after walking several miles. 2000 U.S. App. LEXIS, at *2 (8th Cir. 2000). The Eighth

7

Circuit held that the plaintiff had only shown a moderate limitation and his osteoarthritis did not constitute a disability under the ADA. *Id.* (citing *Weber v. Strippit, Inc.*, 186 F.3d 907, 914 (8th Cir. 1999)) (holding that even when the plaintiff had a heart disease, his showing of moderate limitations on major life activities, such as difficulty walking long distances or climbing stairs without getting fatigued, did not suffice to constitute a "disability" under the ADA). In *Boykin v. Honda Mfg.*, the plaintiff's COPD did not substantially limit his breathing when his breathing problems were relatively short and infrequent. 288 Fed. Appx. 594, 597 (11th Cir. 2008). Because his limitations were infrequent his COPD did not qualify him as a "qualified individual with a disability" under the ADA. *Id.*

Here, Johnson's records show that he has been diagnosed with COPD, chronic leg weakness, and impaired balance. Doc. 64 ¶ 21. He uses a wheelchair for distances and can still walk, he has even been encouraged to strengthen his legs through exercise. *Id.* ¶¶ 23-29. Johnson has also been recorded to have normal movement capability in all four extremities. *Id.* ¶¶ 36, 50. Johnson does get short of breath but has indicated to medical professionals that his COPD is stable and is more difficult when it is hot or humid. *Id.* ¶ 42.

In his opposition of the defendant's motion for summary judgment Johnson argues that he "has more medical conditions than a doctor or nurse employed in the medical field were willing to admit or even list" and that these conditions "more than meet the definition of disabled for the" ADA. Doc. 67 at 2. Johnson believes that the ADA building requirements have not been met through the settlement between the DOC and DOJ. *Id.* at 3. "Mr. Johnson suffers from congestive heart failure, heart failure, sever dilated cardiomyopathy (a death sentence), a cardiac implant, left bundle branch block and C.O.P.D. (also a death sentence)." *Id.* at 8.

Although, Johnson alleges multiple other impairments, he does not assert facts to show that these ailments substantially impair his walking or breathing, or any other major life activity. He only argues that because he has these ailments it is enough to be considered a "qualified individual with a disability" under the ADA. At this time, Johnson has only shown moderate limitations to his walking and breathing. He can still walk short distances, has been encouraged to exercise more to strengthen his legs, can do stairs, and uses a wheelchair for longer distances. Further, he does not experience shortness of breath all the time, but only in situations that are short. The Court finds that Johnson's facts are similar to those in *Streifel* and *Boykin* where the Eighth Circuit upheld findings that the plaintiff experienced only moderate limitations and were not considered to be a "disabled" under the ADA. *Streifel*, 2000 U.S. App LEXIS at *2; *Boykin*, 288 Fed. Appx. at 597. Accordingly, Johnson has not raised a genuine issue of material fact that one of his major life activities is substantially limited by his COPD, leg weakness, and the other impairments he has, thus, defendants are entitled to a summary judgment as a matter of law on Johnson's Title II ADA claim.

## II. Retaliation under Title V of the ADA

Johnson alleges multiple acts of retaliation: 1) the removal of protruding items in the handicap bathroom and the " 'fake exhaust fan[,]' " 3) Johnson claims he was told that he " 'was not handicap enough to use the regular handicap toilet[,]' " and 4) Johnson feels like he was verbally attacked by defendant, Caruaha. *Id.* at 26, 28, 30, 33-34. The ADA provides that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter." 42 U.S.C. § 12203(a). To show a prima facie case of retaliation under the ADA the plaintiff must show: "(1) [he] engaged in statutorily protected activity; (2) [he] suffered an adverse [] action; and (3) [there is] a causal connection between the two. A retaliation

9

claim under the ADA requires a but-for causal connection between the [] assertion of [his] ADA rights and an adverse action[.]" *Oehmke v. Medtronic, Inc.*, 844 F.3d 748, 758 (8th Cir. 2016) (internal citations omitted). If the plaintiff shows a prima facie case of retaliation, the court analyzes the claim under the burden-shifting framework set forth in *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Stewart v. Indep. Sch. Dist. No. 196*, 481 F.3d 1034 (8th Cir. 2007) (holding that after a showing of a prima facie case the burden then shifts to the defendant to show a "non retaliatory reason for the adverse employment action." If the defendant can show a legitimate, non-retaliatory reason for its actions, the burden returns to the plaintiff who "is 'then obliged to present evidence that (1) creates a question of fact as to whether [defendant's] reason was pretextual and (2) creates a reasonable inference that [defendant] acted in retaliation.'") (quoting *Logan v. Liberty Healthcare Corp.*, 416 F.3d 877, 880 (8th Cir. 2005). In *Oehmke*, the plaintiff did not present evidence that her statements motivated the decision to terminate her and did not show a but-for casual connection between the protected activity and adverse action. *Id.*

Here, Johnson has not alleged facts to show that there but-for casual connection that exists between him filing an ADA complaint and the alleged retaliatory instances. Further, defendants argue that they had legitimate reasons for their actions. Doc. 57. Defendants took out the protruding items in the bathroom due to their settlement agreement with the DOJ. *Id.* at 38; Doc. 64 ¶¶ 117-121. Defendants assert that the exhaust fan is operational and is cleaned frequently. Doc. 57 at 40-41; Doc. 64 ¶¶ 122-123. Defendants claim that Johnson is signed up to use the handicap bathroom but the schedule must be followed, he has been turned away to use the bathroom because another inmate was in the bathroom showering. Doc. 64 ¶¶ 140-148. Johnson was told that the handicap toilet in the general population bathroom was available. Doc. 57 at 43; Doc. 64 ¶ 143. Further, defendants claim that Johnson has not been threatened by

Caruana and that Johnson's claims do not amount to an adverse action. Doc. 57 at 45-46. Defendants claim that Caruana's interaction with Johnson was not threatening and Caruana read the ADA guidelines to help him understand why the DOC was in compliance. *Id.* at 45. Johnson has not shown a but-for casual connection between the alleged acts of retaliation and the filing of his ADA complaint or grievances. Further, he does not dispute the material facts set forth by the defendants, thus defendants are entitled to summary judgment as a matter of law regarding Johnson's retaliation claim. Accordingly, it is ORDERED:

1. That Defendants' motion for summary judgment, Doc. 56, is granted, and any pending motions are denied as moot.

2. That Johnson's complaint is dismissed with prejudice and judgment is entered in favor of the defendants.

Dated this 23rd day of March, 2020.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK